UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Fujitsu Ten Corp. of America Employee
Benefit Plan - Indiana Employees, *et al.,*

    Plaintiffs,

v.                                               Case No. 06-11897

Unicare Life & Health Insurance Co., *et al.*,     Honorable Sean F. Cox

    Defendants/Third-Party Plaintiffs,

v.

Michael O. Leavitt, Secretary of the Department
of Health and Human Services, and, The Centers
for Medicare and Medicaid Services,

    Third-Party Defendants.
_____/

**OPINION & ORDER GRANTING
THIRD-PARTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

    This is an ERISA dispute to determine which party is primarily responsible for paying the medical bills of a deceased individual named Steven Coyle. Plaintiffs seek a declaration that Defendants are primarily liable, and that Plaintiffs are secondarily liable, for such expenses. Defendants then filed a third-party complaint against Michael O. Leavitt, Secretary of the Department of Health and Human Services, and the Centers for Medicare and Medicaid Services (collectively "Medicare"), seeking a declaration that Medicare is to pay primary for Coyle's medical expenses. Following discovery, the parties all agree that there are no genuine issues of material fact for trial and that the matter should be decided upon motions. The matter is

1

currently before the Court on Third-Party Defendants' Motion for Summary Judgment [Docket Entry No. 26]. The Court heard oral argument with respect to this motion on September 6, 2007. For the reasons set forth below, the Court shall **GRANT** the Motion for Summary Judgment filed by Medicare and shall **DISMISS** Medicare from this action.

BACKGROUND

Plaintiffs Fujitsu Ten Corp. of America Employee Benefit Plan - Indiana Employees ("the Fujitsu Plan"), Fujitsui Ten Corp. of America, as Plan Administrator ("Fujitsu"), and Genworth Life & Health Insurance Company ("Genworth") (collectively "Plaintiffs") filed their "Complaint for Declaratory Relief" on April 31, 2006. The following parties were named as defendants: Unicare Life & Health Insurance Company ("Unicare"), Visteon Systems LLC Health and Welfare Benefit Plan for Hourly Employees ("the Visteon Plan") and Visteon Systems LLC, as Plan Administrator ("Visteon") (collectively "Defendants"). Plaintiffs seek a declaration that, as between the two private plans, Defendants are to pay primary for approximately $500,000 in unpaid medical expenses incurred by Mr. Coyle prior to his death. Thereafter, Defendants filed a third-party claim seeking a declaration that Medicare is to pay primary.

Discovery has concluded and the parties agree that there are no genuine issues of material fact for trial. The following background facts are undisputed.

At all relevant times Steven Coyle was married to Ladeana Coyle.

On February 8, 1996, Ladeana Coyle was employed by Fujitsu and enrolled herself, her husband Steven and their four dependant children in the Fujitsui Plan. (C-5).[1] The Fujitsu Plan

---

[1] In compliance with this Court's practice guidelines, the parties submitted statements of undisputed material facts in connection with each party's motion for summary judgment. For ease of reference, the Court shall refer to the statements of material facts submitted by the parties

2

uses a third-party administrator, Key Benefit Administrator, Inc. ("Key Benefit") to process claims. (C-6). Genworth is the stop-loss carrier for the Fujitsui Plan. (C-7).

During calendar years 2002, 2003, and 2004, Ladeana Coyle had group health plan (as defined in 42 C.F.R. §411.101) coverage by virtue of her employment status with Fujitsu (as defined in 42 C.F.R. §411.404(c)). (C-8). Thus, during calendar years 2002, 2003, and 2004, Steven Coyle had coverage under the Fujitsu Plan. (C-9). During calendar year 2005, Ladeana Coyle had group health plan (as defined in 42 C.F.R. §411.101) coverage by virtue of her employment status with Fujitsu (as defined in 42 C.F.R. §411.404(c)) until November 14, 2005. (C-10). Thus, during calendar year 2005, Steven Coyle had coverage under the Fujitsui Plan until November 14, 2005. (C-11). Fujitsu employed 100 or more full-time or part-time employees on 50% or more of its regular business days during 2002, 2003, 2004, and 2005. (C-12).

Steven Coyle was also covered under a policy from Visteon. Steven Coyle retired from Visteon on August 31, 1999. (C-1). Visteon sponsors the Visteon Plan. (C-2). Unicare is the insurer and claims administrator for the medical benefits provided under the Visteon Plan. (C-3). On his retirement date, Steven Coyle enrolled as a retiree in his former employer's health benefit plan for coverage for himself, his spouse Ladeana Coyle, and their four dependent children. (C-4).

Medicare is a federally funded and administered program of health insurance for persons who are age 65 and over, and some younger disabled individuals. 42 U.S.C. §1395 *et seq.* (C-13). Steven Coyle became entitled to Medicare on the basis of disability on September 1, 2002.

---

with respect to Medicare's motion as "C" followed by the appropriate paragraph number.

(C-14 & 15).

During 2003, Steven Coyle was diagnosed with a number of serious medical conditions. As a result of those diagnoses, he required extensive medical treatment, including a liver transplant in 2004. Steven Coyle died on December 10, 2005. (C-19).

Thus, during the time that Mr. Coyle incurred significant medical expenses, he was covered under two private plans and was also covered under Medicare.

On May 16, 2007, Medicare filed the instant Motion for Summary Judgment.

Standard of Decision

Summary judgment is proper when there are no genuine issues of material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). In deciding a motion for summary judgment, the court must view the evidence and draw all reasonable inferences in favor of the nonmoving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

ANALYSIS

A.  Medicare Is Entitled To Summary Judgment With Respect To The Third-Party Complaint.

Defendants filed a third-party complaint against Medicare on June 23, 2006, seeking a declaration that Medicare is to pay primary for Mr. Coyle's medical expenses. That is the only claim that has been asserted against Medicare and Medicare has not asserted any counterclaims against any party in this action.

Medicare filed its Motion for Summary Judgment on May 16, 2007, in which it contends that summary judgment should be granted in its favor because, as a matter of law, Medicare is

4

the secondary payer for medical expenses incurred by Mr. Coyle and cannot be declared as the primary payer of such expenses. In sum, Medicare contends that under the undisputed facts of this case, under the MSP statute and regulations, Medicare is the secondary payer for Mr. Coyle's medical expenses and therefore summary judgment must be granted in its favor with respect to the third-party complaint. Medicare also contends that, to the extent that the third-party complaint can be construed as a challenge to Medicare's claim reimbursement determinations and/or seek relief beyond a declaratory judgment, this Court lacks jurisdiction. Defendants agree with that contention, however, so the only issue before the Court is Medicare's request for declaratory relief.

The Court concludes that it must grant summary judgment in favor of Medicare as to the third-party complaint and dismiss Medicare from this lawsuit. As Defendants' counsel acknowledged at the hearing, there can be only one "primary payer" in a multiple coverage situation like the one seen in this case. The third-party complaint seeks a declaration that Medicare is the "primary payer" of Coyle's expenses.[2] That is, the third-party complaint only seeks a declaration that Medicare is the *primary payer*; it does not seek a declaration that Medicare is the "secondary payer."

Notably, in responding to Medicare's motion, Defendants acknowledge that Medicare

---

[2] Moreover, Medicare has never disputed that it is the secondary payer of Coyle's expenses, so to the extent that Defendants may attempt to argue that they seek a "declaration that Medicare is the secondary payer," there has never been an "actual controversy" about that issue and therefore no basis for any declaratory action as to whether Medicare is secondary.

5

cannot be declared the primary payer of Mr. Coyle's medical expenses.[3] Similarly, at the September 6, 2007 hearing, counsel for Defendants expressly acknowledged that this Court cannot declare Medicare the primary payer of Coyle's expenses. Accordingly, there can be no dispute that Medicare is entitled to summary judgment with respect to the third-party complaint.

In addition, even if Defendants had not acknowledged that Medicare cannot be declared the primary payer of Coyle's expenses, the Court concludes that it could not declare Medicare the primary payer for the reasons set forth in Medicare's motion and supporting brief. In sum, because Coyle was covered by a large group private health plan via his wife's employment status (*i.e.* the coverage under the Fujitsu Plan), under the MSP, Medicare's benefits can be, at most, secondary for expenses incurred by Coyle.

## CONCLUSION & ORDER

For the reasons above, **IT IS ORDERED** that Third-Party Defendants' Motion for Summary Judgment [Docket Entry No. 26] is **GRANTED** and Medicare is hereby **DISMISSED** from this action.

**IT IS SO ORDERED**.

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: November 6, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 6, 2007, by electronic and/or ordinary mail.

s/Jennifer Hernandez
Case Manager

---

[3] For example, Defendants' brief acknowledges that "[o]f all the parties, only the Fujitsu Plan can and does provide primary coverage for such expenses." (Defs.' Resp. Br. at 1).