UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Fujitsu Ten Corp. of America Employee
Benefit Plan - Indiana Employees, *et al.,*

    Plaintiffs,

v.                                                Case No. 06-11897

Unicare Life & Health Insurance Co., *et al.*,    Honorable Sean F. Cox

    Defendants/Third-Party Plaintiffs,

v.

Michael O. Leavitt, Secretary of the Department
of Health and Human Services, and, The Centers
for Medicare and Medicaid Services,

    Third-Party Defendants.
_____/

**OPINION & ORDER**
**DENYING MOTION FOR RECONSIDERATION AND**
**DENYING MOTION FOR ATTORNEY FEES**

    This is an ERISA dispute to determine which party is primarily responsible for paying the medical bills of a deceased individual named Steven Coyle. Plaintiffs filed this action seeking a declaration that Defendants are primarily liable, and that Plaintiffs are secondarily liable, for such expenses.

    Plaintiffs Fujitsu Ten Corp. of America Employee Benefit Plan - Indiana Employees, Fujitsu Ten Corp. of America, as Plan Administrator (collectively "Fujitsu"), and Genworth Life & Health Insurance Company ("Genworth") (collectively "Plaintiffs") filed their "Complaint for Declaratory Relief" on April 31, 2006. The following parties were named as defendants:

1

Unicare Life & Health Insurance Company ("Unicare"), Visteon Systems LLC Health and Welfare Benefit Plan for Hourly Employees and Visteon Systems LLC, as Plan Administrator (collectively " the Visteon Defendants"). Plaintiffs' complaint sought a declaratory judgment: 1) ordering Defendants to pay primary for all of Coyle's medical expenses at issue; 2) ordering Plaintiffs to pay secondary to Defendants for all of Coyle's medical expenses at issue; and 3) awarding Plaintiffs their costs, including reasonable attorney fees, pursuant to 29 U.S.C. §1132(g), incurred in bringing this action.

Defendants then filed a third-party complaint against Michael O. Leavitt, Secretary of the Department of Health and Human Services, and the Centers for Medicare and Medicaid Services (collectively "Medicare"), seeking a declaration that Medicare is to pay primary for Coyle's medical expenses. Following discovery, the parties all agreed that there were no genuine issues of material fact for trial and that the matter should be decided upon motions.

In an Opinion and Order dated November 6, 2007, this Court granted Medicare's Motion for Summary Judgment and dismissed Medicare from this action. (*See* attached "Opinion & Order Granting Third-Party Defendants' Motion for Summary Judgment").

On November 21, 2007, this Court issued another Opinion that addressed the two remaining motions for summary judgment: 1) Plaintiffs' Motion for Summary Judgment (Docket Entry No. 27); and 2) Defendants/Third-Party Plaintiffs' Motion for Summary Judgment (Docket Entry No. 28). The Court granted summary judgment in favor of Plaintiffs. The Court's ultimate conclusion was that "under the terms of the two policies, UniCare is to pay primary for Mr. Coyle's expenses." (11/21/07 Opinion & Order at 18).

Defendants did not seek reconsideration of the Court's November 21, 2008 Opinion &

Order within the time period permitted for filing motions for reconsideration.

Given the nature of the case, before issuing a judgment, the Court ordered the parties to meet and confer to see if they could agree upon the language for the final judgment:

> For the reasons set forth above, the Court concludes that under the terms of the two policies, UniCare is to pay primary for Mr. Coyle's expenses. Accordingly, IT IS ORDERED that Plaintiffs' Motion for Summary Judgment is GRANTED and Defendants' Cross-Motion for Summary Judgment is DENIED.
>
> The Court further directs counsel to confer in order to agree upon, and submit to the Court, a proposed final judgment in this matter, given the above ruling by the Court. The status of such discussions shall be reported to the Court in writing on December 12, 2007. If the parties cannot agree upon the language of the final judgment, the Court may issue an order requiring the submission of proposed final judgments, and briefs in support of same.

(11/21/07 Opinion & Order at 18-19).

On December 12, 2007, counsel for the parties submitted a joint "Status Report Regarding Entry of Final Judgment" that stated:

> The parties have been discussing settlement options, but require additional time to determine whether settlement is feasible and desirable. The parties jointly request additional time to submit a proposed final judgment and permission to report back to the court on January 9, 2008 as to the status of their discussions.

(Docket Entry No. 57). At this time, attorney Sheri Cataldo ("Cataldo"), who represented both UniCare and the Visteon Defendants for the bulk of this action, including during the summary judgment motions, was still representing those parties. John Eggerston ("Eggerston") was also representing the Visteon Defendants at this time.

On January 9, 2008, counsel for the parties filed a joint "Second Status Report Regarding Entry of Final Judgment" that stated:

> The parties are continuing to discuss settlement, but require additional time to determine whether settlement is feasible and desirable. The parties jointly request additional time to submit a proposed final judgment or reach other resolution, and

3

permission to report back to the court no later than February 8, 2008 as to the
status of their discussions.

(Docket Entry No. 58). Concerned that this case could languish if additional extensions were given, the Court agreed to the second request for an extension but ordered the parties to appear with counsel on February 8, 2008.

On February 8, 2008, the Court had the parties and their counsel meet and confer with each other regarding settlement in the Court's jury room. When the parties expressed that they could not reach a settlement, the Court instructed the parties to meet and confer in order to determine if they could agree to a joint final judgment, given the rulings made by the Court. After meeting, the parties ultimately advised the Court that they had agreed to the substance of a final judgment. The parties then indicated on the record that they had agreed to the language of the final judgment in this matter:

> MR. EGGERSTEN: John Eggersten on behalf of Visteon Systems and Health and Welfare Benefit Plan.
> . . . .
>
> THE COURT: Mr. Evans, you wrote something up here?
>
> MR. EVANS: Yes, your Honor. The parties were unable to reach a settlement and we have reached the agreement on a form of a judgment from which appeals will be taken. And it reads as follows: Judgment is hereby entered in favor of Plaintiffs and Third Party Defendants consistent with the Court's Opinions and Orders dated November 6th, 2007 and November 21st, 2007. Period.
>
> THE COURT: Is that correct?
>
> MR. BACKRACH: Yes.
>
> MR. WARREN: Yes.
>
> MS. CATALDO: Yes.
>
> MR. EGGERSTEN: Yes.

THE COURT: Thank you, very much.

MR. EVANS: We will have it submitted to you by Tuesday in writing.

(2/8/08 Tr.).

The parties then submitted a written joint proposed judgment to the Court, which was issued by the Court on February 13, 2008, that states, "Judgment is hereby entered in favor of plaintiffs and third-party defendants consistent with the Court's Opinions and Order dated November 6, 2007 and November 21, 2007."

One week after the final judgment was issued, on February 20, 2008, attorney Stephen Wasinger ("Wasinger") entered an appearance on behalf of the Visteon Defendants. (Docket Entry No. 61).

On February 26, 2008, Plaintiff Fujitsu filed a "Motion for Attorneys' Fees and Costs Against Only Defendant UniCare Life & Health Insurance Company." (Docket Entry No. 64). On that same day, Wasinger filed a motion titled "Visteon Defendants' Motion for Clarification or Reconsideration." (Docket Entry No. 66).

ANALYSIS

I. The Visteon Defendants' Motion For Clarification Or Reconsideration:

Counsel for the Visteon Defendants, still represented by Eggersten, and now also represented by Wasinger, filed this Motion for Reconsideration on February 26, 2008. In this motion, the Visteon Defendants are attempting to litigate – post-judgment – numerous issues that were never raised or addressed by the parties during this action.

As an initial matter, the Court notes this motion is based on an outright misrepresentation as to the course of events in this action, in that the Visteon Defendants state:

5

> The Court requested the parties to confer on a proposed final judgment. Summary Judgment Opinion, p. 19. The parties could not reach agreement. As a result, the Court entered a judgment which simply stated:
>
> > Judgment is hereby entered in favor of plaintiffs and third-party defendants consistent with the Court's Opinions and Orders dated November 6, 2007, and November 21, 2008. [Dkt. 61].

(Visteon Defs.' Br. at 4). In fact, the parties never advised the Court that they could not reach an agreement as to the contents of the final judgment. To the contrary, counsel for all parties verbally advised the Court that the parties had reached an agreement as to the form of the judgment. Moreover, counsel for all parties then agreed -- on the record -- to the form of the judgment. That includes counsel for the Visteon Defendants, John Eggertsen. Thus, the Visteon Defendants stipulated and agreed to the form of the Judgment and they therefore cannot seek "clarification" of that stipulated judgment after its entry.

Moreover, to the extent that the Visteon Defendants' motion can be construed as seeking reconsideration of this Court's November 21, 2007 Opinion & Order, such a motion is untimely. Motions for Reconsideration must be filed within 10 days after entry of the order in question. Local Rule 7.1(g). The Visteon Defendants did not a motion seeking reconsideration, or clarification, of this Court's November 21, 2007 Opinion & Order within 10 days after its entry. They cannot do so some *three months* after its entry, and after entry of an agreed upon final judgment.

Accordingly, the motion for reconsideration shall be denied.

II.     Fujitsu's Motion For Attorneys' Fees And Costs Against Only UniCare:

In this motion, Fujitsu, as a prevailing party in this action, seeks an award of its attorney fees and costs against UniCare alone, pursuant to § 1132(g)(1). Fujitsu contends that it is a

6

fiduciary under ERISA and that it brought this action to obtain appropriate equitable relief under 29 U.S.C. § 1132(a)(3)(B)(ii). It contends that the Court therefore has the discretion to award it attorney fees as a prevailing party under § 1132(g)(1).

Fujitsu then goes through the factors that a court considers in determining whether to award attorney fees to a prevailing party and asserts that they all weigh in favor of an award.

Fujitsu contends that UniCare litigated in bad faith by improperly bringing Medicare into the case and trying to invoke the MSP. It contends that UniCare unnecessarily prolonged the case by involving Medicare even though it knew this Court could not declare Medicare the primary payer. It contends that if Medicare had not been brought in, there would have been less briefing and discovery.

Fujitsu also contends that an attorney fee award here will deter other insurers from improperly involving third-parties that have no "dog in this fight." It also contends that the merits of the parties positions weighs in favor of an award. Fujitsu contends that its fees are reasonable and that the Court should award it the entire amount of fees sought, $98,448.50, along with costs of $632.20.

UniCare makes several argument in opposition to Fujitsu's motion. First, it asserts that there is no statutory authority to award attorney fees and costs to Fujitsu in this action.

Second, it takes the position that even if this Court has the discretion to consider awarding attorney fees it should not make such an award based on the five factors to be considered. Notably, UniCare does not challenge the rates charged by Fujitsu's attorneys, the number of hours worked, or the reasonableness of the charges.

Finally, it contends that Genworth cannot recover its attorney fees, but as Fujitsu's papers

7

make clear, Genworth is not seeking attorney fees.

There are two issues that this Court must consider with respect to this motion: 1) whether an attorney fee award is authorized under the statute (*i.e.*, whether the Court has the authority to make an award in this case); and 2) if so, whether this Court should exercise such discretion and make an award based on the factors that the Court is to consider. Each of these issues will be addressed below.

A.  Is An Award Authorized Under The Statute?

Fujitsu claims it is entitled to attorney fees and costs under 29 U.S.C. § 1132(g)(1), which provides for such an award in an action brought under 29 U.S.C. § 1132.

Fujitsu claims it brought this action under § 1132(a)(3)(B)(ii), which provides that a fiduciary may bring a civil action "(B) to obtain other appropriate equitable relief . . . (ii) to enforce any provisions of this subchapter or the terms of the plan." 29 U.S.C. § 1132(a)(3)(B)(ii). The parties disagree as to whether Fujitsu could bring this action under that provision.

Relying on *Winstead v. J.C. Penney Co., Inc.*, 933 F.2d 576 (7th Cir. 1991), Fujitsu asserts that its complaint is authorized by § 1132. In *Winstead*, the Seventh Circuit addressed the issue of "whether the trustees of one ERISA plan against which a beneficiary has filed a claim can sue another, interlocking ERISA plan for a declaration that the second plan has the primary coverage and thus must pay the claim." *Winstead*, 933 F.2d at 577. After the action was filed, the district court dismissed the action for lack of subject matter jurisdiction. On appeal, the court had to determine whether jurisdiction existed over the action. It concluded that the action could be brought under § 1132(a)(3)(B), the portion of the statute that Fujitsu relies on

here. The court explained its reasoning as follows:

> Their suit is within the literal terms of the statute. The trustees are fiduciaries, and while there is a sense in which they are suing to enforce the Penney plan, there is an equally good sense in which they are suing to enforce their own plan. To enforce is to effectuate. The coordination-of-benefits provision is a part of the Central States plan. Its effectuation requires that the terms of any overlapping health plans be honored by the administration of those plans. Otherwise the coordination-of-benefits provision would be a nullity. Other plans would routinely deny coverage, the beneficiary would turn to Central States, and Central States would be left holding the bag. A suit to enforce a coordination-of-benefits provision is a suit to enforce the plan in which the provision appears. That is a fair characterization of this lawsuit and the one that makes most sense in terms of promoting the goals of ERISA and, more broadly, of facilitating the expeditious and economical administration of justice.

*Winstead,* 933 F.2d at 579.

Relying on *Northeast Dep't ILGWU Health and Welfare Fund*, 764 F.2d 147 (3d Cir. 1985), UniCare contends that Fujitsu cannot enforce the terms of the Fujitsu plan against UniCare or Visteon because neither UniCare nor Visteon are parties to the Fujitsu plan. In *Northeast*, the Third Circuit concluded that § 1132(a)(3)(B)(ii) does not authorize the fiduciary of one plan to seek declaratory relief against another plan:

> According to the ILGWU and Teamsters Funds, this suit can be characterized as one being brought by ILGWU trustee Hoffman, who is a fiduciary under the terms of ERISA, 'to enforce' the terms of the ILGWU plan against the Teamsters Fund, thereby bringing it within the scope of this statutory provision. This analysis, although perhaps superficially appealing, is based on an untenable legal fiction. The Teamsters Fund is not a party to the ILGWU plan, and it has not violated or threatened to violate the terms of that plan. Thus, it cannot be said that the terms of the ILGWU plan are being 'enforced' against the Teamsters Fund through this lawsuit. The persons who have the power and the duty to enforce the relevant portions of the ILGWU plan are the ILGWU Fund trustees themselves, and the Teamsters Fund is not preventing them from carrying out their obligations.
>
> The parties have another way of characterizing the present suit in an attempt to bring it within § 1132(a)(3). They claim that this action can be viewed as a suit by Hoffman, a fiduciary under ERISA, to enforce the terms of the

> Teamsters plan – which he contends are presently being misread to deny benefits to Mrs. Fazio and persons similarly situated. We believe that such an interpretation of § 1132(a)(3) would distort the plan language of this provision. Section 1132(a)(3) contemplates 'fiduciaries' suing to enforce the terms of 'the plan,' meaning the terms of the plan regarding which they have a fiduciary duty. Indeed, this interpretation is also compelled by the fact that one's status as fiduciary under ERISA is dependent upon one's relationship to a particular plan. ERISA provides that 'a person is a fiduciary with respect to a plan to the extent . . . he exercises any discretionary authority or discretionary control respecting management of such plan or . . . disposition of its assets . . .' 29 U.S.C. § 1002(21)(A). Jurisdiction cannot be predicated on the mere coincidence that Hoffman is a fiduciary of a benefit plan unrelated to the one which he seeks to enforce.
>
> For the foregoing reasons, we hold that the express jurisdictional provisions of ERISA, found in 29 U.S.C. § 1132, do not authorize federal jurisdiction over a suit, such as the one at bar, brought by a pension fund and its trustee against another pension fund.

*Northeast*, 764 F.2d at 153-154.

Although the Third Circuit found that there was no jurisdiction under § 1132, federal jurisdiction over the case nevertheless existed under 28 U.S.C. § 1331:

> In sum, this suit is cognizable in federal court because it arises under the federal common law of ERISA related employee benefit plans, which is part of the laws of the United States for the purposes of federal question jurisdiction under 28 U.S.C. § 1331.

*Northeast,* 764 F.2d at 159.

Relying on *Northeast,* UniCare contends that while this Court has subject matter jurisdiction over this case under 28 U.S.C. § 1331 because the action arises under federal common law relating to ERISA, jurisdiction does not exist under 29 U.S.C. § 1132 and therefore this Court has no statutory authority to award attorney fees and costs to Fujitsu as a prevailing party.

The Sixth Circuit has not yet addressed this issue and therefore it has not endorsed either the *Northeast* approach or the *Winstead* approach. This Court has also been unable to locate any

10

district court cases from within this circuit that endorse the *Winstead* approach. Lacking any Sixth Circuit authority on this issue, this Court is inclined to adopt the *Northeast* approach to this issue. The Court therefore concludes that it is not authorized to award attorney fees in this action.

B.  Assuming *Arguendo* That An Award Is Authorized, Should The Court Exercise Its Discretion To Award Fees And Costs Here, Based On A Consideration Of The Five Factors?

The parties agree that, if Fujitsu could bring this action under § 1132 of ERISA, then the decision as to whether this Court should award attorney fees and costs to Fujitsu as a prevailing party is a decision that is committed to the sound discretion of the Court. The parties further agree that in determining whether to award such attorney fees and costs, the Court should consider the following five factors: 1) the degree of the opposing party's culpability or bad faith; 2) the opposing party's ability to satisfy an award of attorneys' fees; 3) the deterrent effect of an award on other person under similar circumstances; 4) whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA; and 5) the relative merits of the parties' positions. *Secretary of Dep't of Labor v. King,* 775 F.2d 666, 669 (6th Cir. 1985).

Although no single factor is determinative, a district court should weigh each factor before exercising its discretion. *Wells v. U.S. Steel*, 76 F.3d 731 (6th Cir. 1985). This Court should therefore consider each of these factors in determining whether an attorney fee award is appropriate here.

As set forth below, assuming *arguendo* that this Court has authority to award attorney fees, the Court concludes that consideration of these factors weighs against an award of attorney

11

fees and costs in this action.

1. Culpability / Bad Faith:

Fujitsu claims that UniCare acted in bad faith by bringing Medicare in to this action in order to try to invoke the MSP. It claims that UniCare unnecessarily prolonged the litigation by involving Medicare.

UniCare responds by asserting that under *Big Yank Corp. v. Liberty Mutual Fire Ins. Co.*, 125 F.3d 308 (6th Cir. 1997), a party does not act in bad faith unless it takes a position that is entirely without color, and asserts the position wantonly, for purposes of harassment or delay or other improper purposes. UniCare contends that while the Court ultimately ruled against it, there was no on-point precedent that made the outcome a foregone conclusion.

Although the Court ultimately ruled in Fujitsu's favor on the issues relating to Medicare and the MSP, the Court does not believe that UniCare acted in bad faith. Moreover, Fujitsu still would have had to litigate this case even if UniCare had not brought Medicare in to the action. The Court finds that this favor weighs against an award.

2. Ability To Satisfy Award:

It is undisputed that UniCare has the financial resources such that it is able to satisfy an award of the requested fees and costs. The ability to satisfy an award, however, is not typically an important factor in the analysis. As the Sixth Circuit has commented, the second factor is "weighed more for exclusionary than for inclusionary purposes." *Gribble v. Cigna Healthplan of Tennessee, Inc.,* 1994 WL 514529 (6th Cir. 1994).

3. Deterrent Effect Of Award:

Fujitsu asserts that an award of attorney fees will deter other insurance companies from

unnecessarily involving third parties in litigation that have "no dog in the fight."

UniCare responds that the Sixth Circuit has explained that "fee award are likely to have the greatest deterrent effect where deliberate misconduct is in the offing." *Gard v. Blankenburg*, 33 Fed.Appx. 722, 732 (6th Cir. 2002). "When there is little evidence of culpability or bad faith, however, there is no reason to seek deterrence beyond that which comes with holding fiduciaries liable for their breaches of fiduciary duty." *Id.*

The Court does not believe there was any bad faith on the part of UniCare and concludes that there is little reason to seek deterrence beyond that which comes with the rulings in this case. The Court therefore concludes that this factor also weighs against an award.

4. Common Benefit:

In its motion, Fujitsu "admits that this suit did not confer a common benefit on all participants or beneficiaries or resolve a significant legal question regarding ERISA." (Fujitsu's Br. at 4 n.2). Thus, this factor weighs against an award.

5. Relative Merits Of Parties' Positions:

Finally, the Court notes that this was a complex case involving numerous issues. The Court spend a considerable amount of time evaluating the competing arguments and studying the competing plan provisions. Although Fujitsu ultimately prevailed, UniCare had colorable arguments on several issues. The Court finds that this factor also weighs against an award.

CONCLUSION & ORDER

For the reasons above, IT IS ORDERED that the Visteon Defendants' Motion For Clarification Or Reconsideration is DENIED.

IT IS FURTHER ORDERED that Fujitsu's Motion For Attorneys' Fees And Costs

Against Only UniCare is DENIED.

    IT IS SO ORDERED.

                        S/Sean F. Cox  
                        Sean F. Cox  
                        United States District Judge

Dated: June 13, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 13, 2008 by electronic and/or ordinary mail.

                        S/Jennifer Hernandez  
                        Case Manager